UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LORI S. RICHARDSON, | ) |
| Plaintiff, | ) No. 13 cv 24 EJM |
| vs. | ) ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

Plaintiff brings this action seeking judicial review of the Acting Commissioner's denial of her application for Social Security disability benefits and supplemental security income benefits. The alleged onset date was May 5, 2009. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Ms. Richardson claims disability due to chondromalacia of the left patella, mechanical low back pain, irritable bowel syndrome, gastroesophageal reflux disease, carpal tunnel syndrome, obesity, history of cognitive disorder, major depressive disorder with anxiety, post traumatic stress disorder, borderline personality traits, and history of substance abuse. Administrative Law Judge Tom L. Morris (ALJ) held a video conference hearing on plaintiff's claim on November 14, 2011. On December 12, 2011, the ALJ issued his decision, holding against the plaintiff. On January 22, 2013, the Appeals Council denied plaintiff's request for review. Having thus exhausted her administrative remedies, plaintiff filed a complaint in this court on January 22, 2013.

Plaintiff asserts that the Acting Commissioner's decision is not supported by substantial evidence as a whole on the evidentiary record.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Plaintiff alleges four errors by the ALJ: 1) inconsistent and incorrect accounting of plaintiff's multiple conditions, 2) improper Residual Functional Capacity calculation, 3) improper discounting of testimony of plaintiff's counselor and of her friend/employer, and 4) improper determination of credibility of plaintiff's testimony of her subjective symptoms.

First, plaintiff alleges that the ALJ inconsistently concluded that several of plaintiff's medical conditions were both severe and non-severe, specifically her conditions of IBS and GERD. Pl.'s Brief pp. 6-7. Upon review, the court finds that the ALJ properly found that plaintiff had several severe impairments, but also had some impairments that were severe only in combination. (Tr. 13-14.) The ALJ found that plaintiff's IBS and GERD were not individually severe because plaintiff rarely sought treatment for them, and when she did, medication generally controlled the symptoms (Tr. 685-694.) Thus, the ALJ's findings were internally consistent and supported by the record. The ALJ found plaintiff's impairments of IBS and GERD to be medically determinable, but not "severe" individually. This is supported by the record. The ALJ concluded that none of these conditions individually caused severe limitations, and were severe only in combination. (Tr. 13-14.) This is supported by the record.

2

The plaintiff next asserts error in the determination of the Residual Functional capacity (RFC.) The court has reviewed the ALJ's determination of the RFC, and finds no error, in that the determination is fully supported by the record, including determinations of credibility (see below, Fourth).

Third, plaintiff asserts error that the ALJ did not consider the statements of "other sources" Nelly Hill, a sexual assault victim coordinator, and Melanie Primasing, who owned a candy store where plaintiff occasionally worked. In a nutshell, the ALJ partially discounted the testimony of these two friends of the plaintiff, and disagreed with the rest of the testimony, because it was inconsistent with the medical evidence. The record, including the medical evidence, which shows that plaintiff rarely sought treatment and when she did medication usually successfully treated the symptoms, supports the ALJ's decision. (Tr. 16, 55-59.)

Fourth and finally, plaintiff asserts that the ALJ's credibility determination of plaintiff's subjective complaints is not supported by the evidence. The ALJ found that based on the record as a whole, plaintiff could perform a reduced range of unskilled, light exertional work requiring only occasional interaction (Tr. 15-20.) The ALJ correctly performed the required analysis for plaintiff's mental impairments, per 20 C.F.R. sections 404.1520a and 416.920a, and properly took into consideration the RFC limitations for plaintiff's moderate difficulties in social functioning and interaction. (Tr. 15-20.) The ALJ also properly took into consideration plaintiff's physical impairments, only requiring plaintiff to perform a reduced range of light work, with only occasional postural changes. (Tr. 15-20.) In the ALJ's review of plaintiff's subjective allegations

3

including her hearing testimony, it is the court's view that the ALJ permissibly found the record to be inconsistent with plaintiff's subjective allegations of disabling symptoms. The ALJ permissibly relied upon considerations including plaintiff's summarization of her daily activities, plaintiff's treatment of medical symptoms and the degree of alleviation and control thereof, the effectiveness of medications, and plaintiff's work history.

Upon the foregoing, and without minimizing the seriousness of plaintiff's impairments, the court is satisfied that the ALJ's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

October 4, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT